Hurley v. Estes.

WILLIAM HURLEY, PLAINTIFF IN ERROR, V. BENJAMIN ESTES, AND OTHERS, DEFENDANTS IN ERROR.

1. **Mortgage:** At common law the legal ownership of mortgaged real estate is vested in the mortgagee. In equity, however, a mortgage is a mere security for the debt, and is a mere chattel interest.

2. ———: In this state, a mortgage of real estate is a mere pledge, or collateral security, creating a lien upon the mortgaged property, but conveying no title or vesting no estate, either before or after condition broken.

3. ———: TRUST DEED. A deed of trust is a mortgage, and only differs from a mortgage with a power of sale, in its being executed to a third person, instead of a creditor.

4. ———: When an instrument is given *as security* for the payment of money, or the performance of some collateral act, it is a mortgage whatever may be its form.

5. ———: FORECLOSURE. An action to foreclose a mortgage is a proceeding *in rem* so far as it is sought to subject the mortgaged property to the payment of the mortgage debt.

6. ———: STATUTE OF LIMITATIONS: Where the debt is barred by the statute of limitations, no action can be maintained on the mortgage.

ERROR from the district court of Burt county. The facts appear in the opinion.

*Monk & Selleck* and *Carrigan & Osborn*, for plaintiff in error.

"The authorities are uniform that a deed of trust, such as those of which we have been treating, places the legal title in the trustee." 2 American Law Register, 755. *Anderson v. Holloman*, 1 Jones' Law, 169. *Thornhill v. Gilmer*, 4 Smedes & Marshall, 153. *Sargent v. Howe*, 21 Ill., 148. *Hannah v. Carrington*, 18 Ark., 85. *Cook v. Dillon*, 9 Iowa, 407. *Taylor v. King*, 6 Munf., 358. *Newman v. Jackson*, 12 Wheat., 570. *De-*

*vin v. Hendershott,* 32 Iowa, 192. This distinction be-
tween mortgages and technical deeds of trust, it will be
seen, is recognized by all the modern decisions. While,
in some cases, the facts do not require the distinction to
be kept in view, and they are treated as identical, when-
ever the question has arisen the courts have held that
the deed of trust passes the legal title to the trustee.
The plaintiff insists that the deed to Test created one of
those technical and continuing trusts which are not at
all cognizable at law, but fall within the exclusive juris-
diction of courts of equity, and are not affected by the
statute of limitations, until some act is done by one of
the parties to it in disaffirmance of the trust. It could
not run as against the trustee until some act was done
by the trustor hostile to his title, nor in favor of the
trustee as against the *cestui que* trust until he had done
some act disclaiming the trust and asserting a claim to
the property in his own right. *Gibbs v. Cuningham,* 4
Md. Ch., 334. *Hickers Appeal,* 24 Penn. State, 482.

*Jesse T. Davis* and *John D. Howe,* for defendants in
error.

The trust deed did not convey the legal title to Test.
If the operative words in such a deed are compared with
those in a mortgage we see that the natural force of
them is to place the legal title in the trustee or mort-
gagee, but the statutes (General Statutes, 881, § 55; ses-
sion laws, 1855, 166, § 30) which provide that the mort-
gagor retains the legal title and right of possession,
could not have been intended to cover mortgages and
not deeds of trust. The diligence of counsel must con-
vince us that the difference between a mortgage and a
deed of trust is hard to distinguish; we cannot conclude
that the legislature intended the word " mortgagor " to
have the strict and narrow meaning contended for. It is

.the substance of things that was intended to be provided for. A mortgage is a pledge of lands as security; a deed of trust, like the one in question, is that and nothing more. The interest created is in the nature of personalty. "The statute of limitations was made to apply to the substance of the action, not the mere form." 4 Neb., 28. The intention of the legislature was to make the statute of limitations, applicable to mortgages, applicable to deeds of trust of this sort. Laws, 1855, 166. Laws, 1858, 111. Laws 1861, 53, § 6. Revision of 1866, 395, §§ 10, 16. *Kyger v. Riley*, 2 Neb., 20. *Webb v. Hoselton*, 4 Neb., 308, and citations. *Peters v. Dunnells*, 5 Neb., 460. 8 Ohio State, 215. This being then a mortgage not conveying the legal title (4 Neb., 318) it was barred at the end of the time when a suit on the note would have been barred.

MAXWELL, J.

On the twenty-third day of August, 1858, Benjamin Estes executed and delivered to the plaintiff his promissory note for the sum of $280.00, due in one year from that date, and to draw interest at the rate of five per cent per month from maturity. To secure the payment of said note, the defendant, Estes, executed and delivered to James D. Test a trust deed of the south-west quarter of the north-east quarter, and the south-east quarter of the north-west quarter, and the north-west quarter of the south-east quarter of section one in township twenty north, of range eleven east of the sixth principal meridian. Said deed had a condition therein written, providing "that if the said Benjamin Estes should pay to the plaintiff the amount of said note, interest and costs, the said deed of trust given to said James D. Test should be void." Default was made in the payment of the principal and interest of said note, and on the nineteenth

day of October, 1872, the plaintiff filed his petition in
the district court of Burt county, to foreclose said deed
of trust, and set forth in his petition the facts above
stated, and also that James D. Test had departed this
life without executing the trust in favor of plaintiff, and
praying for the appointment of a trustee to execute the
trust, and that an account may be taken of the amount
due on the note and trust deed, and that the land may
be sold to satisfy the same. The defendants demurred
to the petition of the plaintiff on the ground that the
facts stated therein were not sufficient to constitute a
cause of action. The demurrer was sustained by the
court, and the cause dismissed. To reverse this judg-
ment the plaintiff brings the cause into this court by
petition in error.

A mortgage at common law is defined to be a convey-
ance of an estate, by way of pledge for the security of a
debt, and to become void on payment of it. The *legal*
ownership is vested in the creditor; but in equity, the
mortgagor remains the actual owner until he is debarred
by his own default, or by judicial decree. 4 Kent's
Com., 136. This author also refers to instruments con-
taining a power of sale as mortgages. Id., 146.

In equity, a mortgage is a mere security for the
debt, and is only a chattel interest, and until a decree
of foreclosure, the mortgagor continues the real owner
of the fee. The equity of redemption is considered to
be the real and beneficial estate, tantamount to the fee
at law; and it is accordingly held to be descendible by
inheritance, devisable by will, and alienable by deed
precisely as if it were an absolute estate of inheritance
at law. 4 Kent's Com., 160.

It is urged with much earnestness that the deed of
trust conveyed the entire legal title of the lands in con-
troversy to Test, and therefore a trust deed like the one
at bar, although resembling a mortgage, is not in fact a

mortgage, but an instrument conveying the entire legal estate to the trustee, and not a mere mortgage lien.

At common law, such an instrument would convey the entire legal title to the trustee, subject to the right of the debtor to defeat the estate upon performance of the condition. It is, however, merely a mortgage.

In *Flagg v. Foster*, 2 Sumner, 533, Judge Story says: "If a transaction resolve itself into a security, *whatever may be its form*, and whatever name the parties may choose to give it, it is in equity a mortgage." In *Page v. Foster*, 7 N. H., 394, the court say: "If it was intended as a security, it is a mortgage." In *Dougherty v. McColgan*, 6 Gill. & Johns., 281, the court say: "Whenever the intention is to take security for a subsisting debt, or for money lent, and to avoid or restrict the equity of redemption, chancery, seeking to protect the debtor against the rapacity of the creditor, and to do full and exact justice between the parties, will defeat such intention by treating the transaction as a mortgage." And in *Cotterell v. Long*, 20 Ohio, 464, it was held that, *if a contract for the conveyance of land* be intended as security for a debt, it is a mortgage whatever may be its form or the name given to it by the parties. Story says: "The particular form or words of the conveyance are unimportant; and it may be laid down as a general rule, subject to few exceptions, that whenever a conveyance, assignment, or other instrument, transferring an estate, is originally intended between the parties as a security for money, or for any other incumbrance, whether this intention appear from the same instrument or any other, it is always considered in equity as a mortgage." Story's Eq., section 1018.

In *Eaton v. Whiting*, 3 Pick., 484, the court held that a power to sell, superadded to an instrument intended as a security, did not deprive it of the attributes of a mortgage.

In *Woodruff v. Robb*, 19 Ohio, 212, where Robb, being indebted to Woodruff in the sum of $1,017, and to Birdseye in the sum of $1,275, conveyed a tract of land to one Henry Starr to secure the payment of such indebtedness, the court held: " The deed in question contained all the substantial qualities of a mortgage, and nothing more." It was a mere security for a debt.

In *Sargent v. Howe*, 21 Ill., 149, Walker, J., says: " This deed of trust was given to secure these notes, and in that respect it is the same as a mortgage, and it only differs from a mortgage with a power of sale in its being executed to a third person instead of the creditor."

In *Webb v. Hoselton*, 4 Neb., 318, this court say: " The fact that the mortgage in this instance is in the form of a deed of trust does not change its character from a mere security for the payment of money, nor does it convey the legal title."

In *Kyger v. Ryley*, 2 Neb., 28, this court, in construing the statutes of this state relating to mortgages, say: " The mortgage is a mere pledge, or collateral security, creating a lien upon the mortgaged property, *but conveying no title*, or vesting no estate, either before or after condition broken."

Where an instrument is given *as security* for the payment of money, or the performance of some collateral act, it is a mortgage whatever may be its form, and as such it comes within the rule laid down in *Kyger v. Ryley*, *supra*, that when the debt is barred by the statute of limitations, no recovery can be had upon the mortgage. We adhere to that decision.

In *Peters v. Dunnels*, 5 Neb., 465, it was held, that a proceeding to foreclose a mortgage, so far as it sought to subject the mortgaged property to the payment of the mortgage debt, was a proceeding *in rem*, and that under the provisions of section seventeen of the code of civil procedure, which took effect September 1, 1866,

absence from the state, death, or other disability of a non-resident, save the cases mentioned in the section, should not operate to extend the time within which actions *in rem* should be commenced by or against such non-resident or his representatives.

As the statute of limitations has run against the claim, and that fact appears upon the face of the petition, the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.