## DEED AS MODIFIED BY A CONTRACT.

### Circuit Court of Lorain County.

THOMAS C. JOHNSON, ADMINISTRATOR, v. HENRY B. KENDEIGH, BENJAMIN KENDEIGH AND GRACE KENDEIGH.

#### Decided, May 1, 1907.

*Deed Absolute Construed as Mortgage—Administrator May Maintain Suit to Have Deed so Construed.*

1. A deed absolute, with contract for reconveyance will be construed as a mortgage, rather than as a conditional sale, if the equities of the case require it.

2. An administrator of the deceased grantor of such a deed, may maintain an action to have it construed as a mortgage, but the relief granted will be a conveyance of the property to the heir or devisee, upon payment of the mortgage debt, such conveyance to be subject to the debts of the decedent.

*E. G. & H. C. Johnson*, for plaintiff in error.

*D. J. Nye, Stroup & Fauver* and *E. G. & H. C. Johnson*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Jonas E. Kendeigh lived in North Amherst, Lorain county, Ohio, and at one time owned a certain parcel of real estate. He died testate, devising by a will, duly admitted to probate, whatever property he left, to the defendant, Benjamin Kendeigh. The real question in this case is whether he owned this real estate at the time of his death, which occurred April 25, 1904.

On the 18th of May, 1903, said Jonas E. Kendeigh executed and delivered to the defendant, Henry B. Kendeigh, a deed of the real estate mentioned. This was in form a deed of general warranty. On the same day some arrangement was made with reference to this real estate, which was to modify the ownership of the grantee in the lands described in the deed, and on the 23d day of May, as we hold, to carry out the agreement made on the 18th, Jonas E. Kendeigh and Henry B. Kendeigh executed a written instrument.

This instrument reads as follows:

"Articles of agreement entered into at North Amherst, Ohio, this 18th day of May, A. D. 1903, by and between Henry B. Kendeigh, party of the first part, and Jonas E. Kendeigh, party of the second part.

"Witnesseth: That whereas second party is now the owner of certain real estate hereinafter described, and said real estate is about to be sold upon execution by the sheriff of Lorain county, Ohio, to satisfy two certain judgments obtained by the North Amherst Bank Co. And whereas, the parties hereto have mutually agreed that second party should convey said real estate to first party and that first party would pay said judgments and all costs thereon, and allow second party to hold possession of the living rooms for life and balance of said real estate for one year, providing second party lives one year and first party would pay the taxes on said premises during said period of time.

"And second party should have the right to redeem said real estate at any time during said period of one year if second party should die before the expiration of one year, in that event the contract shall be void and first party's title in and to said premises shall be absolute. If second party redeems said real estate and pays to first party his heirs or assigns all money paid out on said real estate at seven per cent. interest, first party his heirs or assigns shall convey said real estate by a good and sufficient deed to said second party.

"If said property should be sold during this time of one year for more than what first party paid, then said over amount shall be divided as herein mentioned. Second party agrees to pay first party one-half of all moneys over first party's claim.

"Now, therefore, said second party having this 18th day of May, 1903, executed and delivered to first party a good and sufficient deed for said real estate, and said first party having this day paid said judgments, interest, costs and taxes, and in all the sum of $1,013.83 to date.

"Said real estate is described as follows, to-wit:

"Situated in the village of North Amherst, county of Lorain, and state of Ohio, and known as the whole of village lot number 121 in Harris Addition in said village subject to right-of-way of the L. S. & M. S. Railway Company. Also the east part of village lot number 120 in said Harris Addition in said village, which parcel is bounded on the north, on the south, on the east, by the respective lines of said lot; and on the south by the respective lines of said lot and on the west by lands in said lot owned by Homer Wilford. Said parcel being fifty-five feet from east to west. Also one other parcel of land in said village and

bounded and known as being a part of township lot number 24 in Amherst township, and being within said village.  Bounded on the north by the right-of-way owned by the L. S. & M. S. Railway Co., on the west by the said lots Nos. 120 and 121, and on the south and east by West Railroad street.

"Second party agrees to occupy said premises in a safe and careful manner, and that he will not suffer any of said premises to go to waste and that he will do no damages to any of the buildings thereon.  Each of the parties agree that they will do and perform the several things herein mentioned for them to do and perform, and each agrees to all the terms and conditions hereof.  In witness hereof, the parties set their hands to duplicates hereof this day and year first above written.

"In witness whereof we hereunto set our hands and seals this the 22d day of May.

"Witnessed by

    "HENRY B. KENDEIGH,

    "J. E. KENDEIGH.

"E. C. SCHULER,
"A. H. KENDEIGH.
"State of Ohio, Lorain Co.

"Sworn to and subscribed before me a Notary Public this the 22d day of May, A. D. 1903, and by Henry B. Kendeigh and J. E. Kendeigh.

    "(Seal.)

    E. C. SCHULER,
    *"Notary Public."*

On the part of the plaintiff and of Benjamin Kendeigh, who has answered in this case, it is claimed that the deed already mentioned and this contract construed together, as we hold they should be, make the deed in effect a mortgage, to secure to Henry B. Kendeigh the payment of $1,013.83, which amount was furnished by Henry B. to Jonas on the said 18th day of May, and which was used for the paying off of certain liens already existing upon this real estate.

On the other hand it is urged that this contract was simply a conditional sale by Henry to Jonas.  We hold that when the deed and this contract are construed together, the deed must be treated as a mortgage, that is, as a pledge of this property for the security of the debt which Jonas owed to Henry B.

In *Cottrell* v. *Long*, 20th O. S., 464, the syllabus reads:

"If a contract for the conveyance of land be intended as security for a debt, it is a mortgage, whatever may be its form or the name given it by the parties."

In *Hurley* v. *Estes,* it is said:

"When an instrument is given as security for the payment of money or the performance of some collateral act, it is a mortgage, whatever may be its form."

In the case of *Slutz* v. *Desenberg,* 28 Ohio State, 370, there is a very full discussion of the distinction between those contracts where there is a deed from one party to the other, and a contract back in reference to the property being re-conveyed; as to the distinction which makes in the one case the deed an equitable mortgage, and which makes in the other the contract a conditional sale, and a large number of authorities are cited in that opinion. In that case Judge Ashburn at page 376 uses this language:

"A mortgage, when in form a deed absolute, and a conditional sale, are frequently so nearly allied to each other that it is sometimes difficult to say whether a particular transaction is the one or the other."

We find in this case no small difficulty in determining which class of cases the facts in this case seem to put the case. But there are significant words in this contract, which, we think, bear upon the question. It is provided, among other things, that the second party is to hold possession of the living rooms for life, and the balance of the real estate for one year, providing the second party lives one year, and the first party should pay all taxes on said premises during said period of time. Also the second party should have the right to redeem said real estate at any time during said period of one year. Again, if said second party redeems said real estate, and pays to said first party all the moneys so paid out by him together with interest at seven per cent., he will at any time on or before one year from the date of said contract, execute and deliver to said second party a good and sufficient deed for said real estate.

Now we think the use of the word "redeem" tends to negative the idea that it was in contemplation of the parties that Henry B. should sell the property to Jonas for a given price within the year, but it being spoken of as giving Jonas the right to redeem the property, implies that it was simply pledged to

Henry.   Again, this language is used:   ''If said property should be sold during this time of one year for more than what first party pays, then said over amount shall be divided as herein mentioned.''

''Second party (which is Jonas) agrees to pay the first party one-half of all money over the first party's claim.''

These several clauses of the contract, considered in connection with the entire contract, lead us to the conclusion that the property was pledged by Jonas to Henry B., and that, therefore, the deed held by Henry is in equity a mortgage for the security of the money paid out by him for Jonas or paid to Jonas, and this he is entitled to have, together with the interest at seven per cent.

The evidence is that the property is worth at least seventy-five per cent. more than the amount paid into it by Henry B. and we are not disposed to stretch a point to aid Henry B. in securing this unconscionable advantage.

It may be said that Henry's equities are fully as strong as Benjamin's; this being true, there seems to be no very strong equity in favor of either, but Henry B. will receive all the money he has ever paid in the property, together with seven per cent. interest on it, and Benjamin will receive only that which his uncle Jonas saw fit to bequeath to him.

This suit was brought by the administrator, directed against Henry B., and there is a prayer in the petition that the property be conveyed by Henry B. to the plaintiff as administrator.   This course can not be taken.   The administrator is not entitled to have the property conveyed to him, but he is entitled to have the deed held to be a mortgage, and upon payment by Benjamin, to whom the property is devised, to Henry B. of the amount of the indebtedness from Jonas to Henry B., Benjamin will be entitled to have the property conveyed by Henry B. to him, free from any liens or incumbrances which Henry B. has put upon it, or may have put upon it, but it will, of course, be subject to be sold for the payment of any debts of Jonas.