RODMAN W. FISKE, TRUSTEE, APPELLEE, v. EDWARD F. MAY-
HEW ET AL., APPELLANTS.

FILED NOVEMBER 14, 1911. No. 16,953.

1. **Mortgages: DEED OF TRUST: DISTINCTION.** "A deed of trust is a
mortgage, and only differs from a mortgage with a power of sale,
in its being executed to a third person, instead of a creditor."
*Hurley v. Estes*, 6 Neb. 386.

2. ———. "When an instrument is given as security for the payment
of money, or the performance of some collateral act, it is a
mortgage, whatever may be its form." *Hurley v. Estes*, 6 Neb.
386.

APPEAL from the district court for Hamilton county:
GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*J. H. Grosvenor*, for appellants.

*T. J. Doyle, G. L. De Lacy, R. M. Proudfit* and *R. R.
Horth*, contra.

LETTON, J.

Edward F. Mayhew, a dealer in agricultural implements
at Friend, Nebraska, being indebted to a number of credi-
tors, on February 23, 1907, executed a conveyance to
Rodman W. Fiske, trustee. The first portion of this con-
veyance is in form a warranty deed, then follows a provi-
sion that the trustee shall have immediate possession of the
land and the right to the crops, a recital that "this con-
veyance is made for the use and benefit of all parties
hereinafter named; and said Edward F. Mayhew being in-
debted to the said parties in the respective sums set forth,
as follows, to wit: Moon Brothers Carriage Company
$702," etc., setting forth the names of each creditor and
the amounts due each severally. It is next provided that
the trustee "shall place the premises upon the market for
sale, use due diligence to sell the same to the best possible
advantage and to obtain the best price he can therefor,

hereby giving to him full power to sell the same at public or private sale at such time as he shall deem best, and from the proceeds" he shall pay the creditors in proportion to their claims, and the residue, if any, shall be paid to Mayhew. Next follows the following provision: "This instrument shall not be construed as a mere mortgage, it being the design and purpose of the grantors herein to clothe the said Rodman W. Fiske with plenary power to make an absolute sale and conveyance of said premises for the purposes herein expressed, and to that end the said grantors hereby constitute, create and make the said Rodman W. Fiske their attorney in fact, without the power of revocation, to make sale of said premises and deed of conveyance of the same vesting an indefeasible title in the purchaser thereto."

This action was brought to foreclose the trust deed. The plaintiff takes the position that the instrument, though in form a warranty deed with a power of sale, is in fact a mortgage, and that foreclosure is necessary in order to cut off the equities of the defendants and convey a valid title to a purchaser. The defendants insist that the instrument is a warranty deed conveying the legal title to Fiske, and constituting him their attorney in fact, with power to sell the land at public or private sale at such time as he should deem best, and to make a good and sufficient deed to the purchaser conveying in fee simple. They further contend that they are entitled to have the land sold by the trustee at either public or private sale without foreclosure and the resulting loss and expenses.

The evidence discloses that the deed was executed at a meeting between Mayhew and the representatives of some of his creditors at the office of Mr. Haney, in Lincoln; and, while not expressed in the deed of trust, it was agreed that Mayhew might pay the debts at any time. After the conveyance was made the property was advertised in the Lincoln and Omaha papers by Fiske. An offer was received of $10,700, which Fiske submitted to Mayhew, but which was rejected by him. Mayhew testifies that, when the deed

was executed, it was not represented to him as a mortgage; that he still claims an interest in the property, and has ever since the deed was signed; that he has paid none of the interest or principal on these debts; that he has taken possession of the land and collected the rents; that the first year he paid the taxes and interest; and that he claims to be entitled to the surplus proceeds of a sale after the debts are paid, and that he had that understanding when he gave the deed.

The question as to the nature of a mortgage and the essential quality of like instruments to that in consideration here came up at an early date in the legal history of this state. In *Kyger v. Ryley,* 2 Neb. 20, the history and character of mortgages at common law and in equity was considered, and it is said: "A mortgage in this state is a mere pledge, or collateral security, for the payment of money, or the doing of some other thing," and must be foreclosed by an action. In *Webb v. Hoselton,* 4 Neb. 308, a deed which conveyed certain real estate to a trustee, and provided that in default of the payment of a promissory note the trustee was empowered to sell the estate at public auction, but that upon full payment of the same with interest a reconveyance should be made, was held to be in effect a mortgage. The court said: "The fact that the mortgage in this instance is in the form of a deed of trust does not change its character from a mere security for the payment of money, nor does it convey the legal title, nor do the restrictions therein contained prevent the plaintiff from availing herself of the safeguards thrown around the debtor to prevent a sacrifice of her property." In *Hurley v. Estes,* 6 Neb. 386, it is said in the syllabus: "(1) A deed of trust is a mortgage, and only differs from a mortgage with a power of sale, in its being executed to a third person instead of a creditor. (2) When an instrument is given as security for the payment of money, or the performance of some collateral act, it is a mortgage whatever may be its form." Judge MAXWELL in the opinion quotes authorities establishing the rule. *Comstock v. Michael,* 17

Neb. 288, and *Staunchfield v. Jeutter*, 4 Neb. (Unof.) 847, are to the same effect. This is the general rule. 27 Cyc. 1004, and cases cited in note 7; 3 Devlin, Deeds (2d ed.) sec. 1126.

While in many, or perhaps the majority, of the states a deed of trust with a power of sale may be foreclosed by a strict foreclosure under the power conferred (27 Cyc. 1450), we consider the law settled to the contrary in this state. There is a difference between the instruments involved in the foregoing cases and that under consideration here, in this: that in each of the former the debt was payable at a future day, and there was a condition that in default thereof the deed should become absolute, while in the present case the power confers the immediate right to sell the property. In this respect, however, the instrument is no different in effect from an ordinary mortgage or deed of trust after condition broken. In such case the fact of default does not in anywise alter the legal relation of the parties, and, under the settled rules in this court, an action to foreclose the mortgage is necessary in order to bar the equity of the mortgagor or grantor and other persons claiming under him. *Wheeler v. Sexton*, 34 Fed. 154 (which is a Nebraska case) ; *Comstock v. Michael, supra ; Hurley v. Estes, supra.* This is the view taken by other courts. *Ogden v. Grant*, 36 Ky. 473; *National Bank v. Lovenberg*, 63 Tex. 506; *Cooper v. Brock*, 41 Mich. 488; 27 Cyc. 1004. There is a full discussion of the general subject in 2 Jones, Mortgages (6th ed.) sec. 1764 *et seq.*

It is true that in the instrument it is provided that "this instrument shall not be construed as a mere mortgage," and that the grantors by the instrument constitute Fiske their attorney in fact "to make sale of said premises and deed of conveyance of the same vesting an indefeasible title in the purchaser thereto," but this language cannot control the whole instrument. The decisive facts in the case are that the instrument was intended to convey the land as security for the payment of certain debts, and not to divest the grantor of all his interest in the land. He still retained

in equity the title to the land. The instrument was intended as a security, under the rule in this state is a mortgage, and must be foreclosed as one.

The judgment of the district court is

AFFIRMED.