ARCHIMEDES J. BUCKNER, Respondent, v. ISAAC E. JONES, Appellant.

March 21, 1876.

1. One taking the check of a third party under circumstances that would lead a man of ordinary prudence to suspect that the holder had no right to pledge it, or to pay it out for his own indebtedness, is bound to inquiry; and if, under such circumstances, he advanced money to the holder upon the check, or applies the same to the liquidation of an existing indebtedness of the holder, he will be held to refund the proceeds of the check in his hands to the owner.

2. It is not error to refuse to instruct that the evidence as to any material fact, in order to a recovery, must preponderate in favor of plaintiff.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*George P. Doan*, for appellant, cited : 1 Pars. on Bills (ed. 1865), 258, 278 ; 2 Pars. on Bills, 42, 43, 44 ; Bayley on Bills (ed. 1836), 104, and note 12 ; Goodman *v.* Simonds, 20 Haw. 343 ; Tuntal *v.* Barandon, 8 Taun. 100, affirming Collins *v.* Martin, 1 Bos. & Pul. 648 ; Fox on Con., 122 ; 2 Saunders on Pl. (ed. 1837) 670, 672, 673 ; 1 Stephen's N. P. 332, side page 333 ; Bay *v.* Coddington, 5 Johns. Ch. 54 ; Morrison *v.* McCartney, 30 Mo. 183 ; Lester *v.* Guion, 8 Bush (Ky.), 357 ; Pacific Law Rep., March 5, 1872 ; Peacock *v.* Rhodes, Dougl. (Mich.) 611, 633 ; Cook *v.* Jadis, 5 B. & Ad. 909.

*Matthew O'Reilly*, for respondent.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff sues for $295, which he says that defendant received for plaintiff, and to his use, on October 8, 1870.

Defendant, in his answer, says that at the last-named date he was a member of the firm of Jones & Sibley ; that at that date one Bingham owed Jones & Sibley $220.73, and at that date borrowed from Jones & Sibley a sum of money, and, in consideration of said previous indebtedness and the money then loaned, did then and there indorse and deliver to Jones & Sibley a certified check for $601.73, drawn by plaintiff upon a bank in Philadelphia, payable to Bingham's order ; that, at the time of the delivery of this check and afterwards, Jones & Sibley advanced to Bingham $35, and also paid $40 to a creditor of Bingham, at his request ; that these sums amounting altogether to $295, Jones & Sibley, on October 13, 1870, paid the balance ($306) to said Bingham. Defendant denies that he owes plaintiff anything, and says that the money sued for herein is the $295 retained by Jones & Sibley, as stated, from the proceeds of the certified check.

Plaintiff replies that, at the time Jones & Sibley received the certified check, and before they advanced or paid any money to Bingham or on his account, as stated, they well knew that the check was received and held by Bingham as the agent of plaintiff, with instructions to use the same for the benefit of plaintiff.

There was evidence tending to show that Bingham was an impecunious man, of drinking habits ; that he was a sort of real estate broker, so far as he had any business at all ; that he had no regular office, but used a desk in the drug store of Jones & Sibley for such business as he occasionally transacted ; that about October 8th, in the presence of Jones, he received from plaintiff, by mail, a certified check for $601.73 to pay some taxes, accompanied by a letter of instructions ; that at that time he owed Jones & Sibley $220 for money borrowed, in part, and partly for money of

theirs which he had converted to his own use without their permission; that they knew that he was not likely to have, or be intrusted with, large sums of money; that they had known him and his habits and impecunious condition for a year or two, at least, and regarded him as a person whose acquaintance, for these reasons, it was desirable to be rid of; that, on receiving this check, the banks refusing to cash it for him, he desired Jones to loan him $25, to which Jones replied that he would lend him nothing until he paid or secured what he owed already; that Bingham then handed to Jones the check, and afterwards, at Jones' request, indorsed it, and then received $25 from Jones; that afterwards Jones lent him $10 or $15 more, and paid a note of Bingham for $40, which Jones & Sibley had indorsed; that Jones & Sibley afterwards paid to Bingham $306, and retained the remainder of the sum represented by the check, $295, alleging that it was due to them by Bingham. There was also evidence that Bingham had an interest in the check of about $25, for services or commissions. There was a verdict and judgment for plaintiff for $312.42, and, a motion for a new trial being overruled, the cause is brought to this court by appeal.

The following instruction was given at the instance of defendant:

"The jury are instructed that the check read in evidence was a negotiable instrument, and is transferable by indorsement and delivery. If the jury believe from the evidence that plaintiff made said check payable to David S. Bingham or order, and said Bingham indorsed and delivered the check to defendant for a valuable consideration (and a preëxisting debt and money advanced are a valuable consideration), then plaintiff cannot recover, unless they also believe that, at the time Bingham so indorsed and delivered the same to defendant, defendant knew the same was not the property of Bingham, and took the same knowing it was in possession of Bingham as agent of another."

The court, of its own motion, instructed the jury as. follows :

"Although the jury may believe from the evidence that,. at the time when Bingham delivered the check to the defendant, he was indebted to the firm of which defendant was a member, yet if they further believe that, at the time of the delivery of the check, the defendant knew or had reasonable cause to believe that Bingham did not hold the check except as agent of the plaintiff, and did not him-self own the check, then the jury will find for plaintiff, less. the amount advanced by defendant to Bingham at the time the check was given to defendant."

The following instructions, asked by defendant, were: refused :

1. "The jury are instructed that, when there is conflicting testimony as to any material fact in the cause, to entitle the plaintiff to a verdict upon such facts, the evidence must. preponderate in favor of plaintiff."

2. "The jury are instructed that the check read in evi-dence is what is called a certified check, and is an appropria-tion of so much money of the depositor as is represented by the check, and such depositor ceases to have any property in, or any control of, the money so represented by said check ; and such money, so represented, becomes the property of any legal holder of such check. If the jury believe that. plaintiff drew said check dated October 3, 1870, for $601.73,. payable to David S. Bingham or order,. and said Bingham indorsed and delivered said check so certified to said defendant, for a valuable consideration, without fraud or: collusion on the part of said defendant, then the jury will find for defendant."

To the refusal of this last instruction, and the giving of the instruction given by the court of its own motion, the defendant excepted.

There was no error in refusing the second instruction asked by defendant and refused. The law applicable to. the case was declared in the two instructions given, in a

manner to leave defendant no room for complaint. A vague declaration that the defendant could only be liable in case fraud or collusion on his part was shown, could have had no other effect than to confuse or mislead. The first instruction asked by defendant was also correctly refused. It gave no practical rule for the guidance of the jury. It did not attempt to define the character and amount of testimony necessary to base a verdict upon; and, had it done so, it could not have been given. The jury are the sole judges of the weight of the evidence, and no man competent to sit on a jury need be told that his verdict must be founded upon the evidence in the case, or instructed in a general way that he must not find against the weight of the evidence.

The counsel of appellant seems to labor under the impression that because the check was negotiable therefore an absolute title passed necessarily by indorsement and delivery. This is not the law. If defendant had received a $1,000 bank bill under circumstances such as to put him on his guard, and lead him, as a reasonable man, to suspect that it could not be honestly pledged or paid away for his own benefit by the person presenting it to him, he would not have been safe in advancing money upon it, nor could he be allowed to apply a portion of it to the payment of a debt due to him by the suspected holder. The check in the case at bar did not belong to Bingham, and there is evidence from which the jury might fairly infer that defendant knew the fact, or would have known it had he not willfully closed his eyes lest he should plainly see the whole truth—which, for the purposes of this case, is just the same thing. He, clearly, had no right whatever to take the money of plaintiff, under these circumstances, to reimburse himself for a pre-existing debt of Bingham to the firm of which defendant was a member.

There is no error in the record to warrant a reversal. The judgment of the Circuit Court is affirmed. The other judges concur.