Cheney v. Cooper.

---

SAME V. SAME.

1. **Usury.** A negotiable promissory note secured by mortgage, transferred to a *bona fide* purchaser without notice before due, and for value, is not subject to the defense of usury.

2. **Dismissal of action.** Where an action is dismissed by the court, without a hearing upon the merits, the order of dismissal will not be a bar to a future action.

3. **Limitation of actions.** An action upon a mortgage will not be barred until ten years from the time the cause of action accrued.

| 14 | 415 |
|----|-----|
| 16 | 388 |
| 17 | 259 |
| 18 | 233 |
| 20 | 126 |
| 24 | 634 |
| 14 | 415 |
| 28 | 378 |
| 14 | 415 |
| 34 | 515 |
| 14 | 415 |
| 41 | 42 |
| 14 | 415 |
| 51 | 490 |
| 54 | 622 |
| 14 | 415 |
| 56 | 190 |
| 56 | 386 |

APPEAL from Johnson county. Tried below before WEAVER, J.

*Mason & Whedon* (*P. D. Cheney* with them), for appellant.

The judgment is not a bar. *Hull v. Blake*, 13 Mass., 155. *Weller v. Moore*, 49 Mo., 229. Wharton's Ev., § 781. 3 Blackstone, 296. Freeman on Judgments, § 261. *Home v. Brown*, 16 How., 365. *Pillow v. Elliott*, 25 Texas, 323.

*T. Appleget & Son*, for appellees, cited: *Hendrix v. Rieman*, 6 Neb., 523. *Covington v. Sargent*, 27 Ohio State, 233. *Day v. Valitte*, 25 Ind., 43. *Sims v. Zane*, 24 Penn. State, 243.

MAXWELL, J.

This is an action to foreclose a mortgage executed in the year 1875 by Cooper and wife upon certain real estate in Johnson county. It is alleged that Joy and wife claim an interest in the premises. The defendants admit the execution of the mortgage, but plead as defenses thereto: *First*, Usury. *Second*, Deny that William G. Davis was ever the lawful owner of said mortgage and accompanying notes, but allege that said Davis was and is an imaginary person. *Third*, That in 1878 said Davis commenced an action on said notes and mortgage in the United States circuit court for the district of Nebraska against these defendants, and a judgment was rendered thereon in their favor. *Fourth*, That the cause of action did not accrue within five years. Judgment was rendered in favor of the defendants, and the action dismissed. The plaintiff appeals to this court.

It is unnecessary to determine whether there is usury in the original contract or not, as the proof clearly tends to prove that Davis purchased the notes in question before maturity for a valuable consideration, and without notice of any defense thereto. This being so he took them free from the defense of usury. *Wortendyke v. Meehan*, 9 Neb., 221. And a *bona fide* purchaser, for value, of a negotiable promissory note secured by mortgage, before maturity and without notice, takes the mortgage as he does the note, discharged of all equities which may exist

between the original parties. *Webb v. Hoselton*, 4 Neb., 308. *Moses v. Comstock*, Id., 516. *Carpenter v. Longan*, 16 Wall., 271. *Pierce v. Faunce*, 47 Me., 507. *Potts v. Blackwell*, 4 Jones Eq., 58. *Fisher v. Otis*, 3 Chand., 83. *Reeves v. Scully*, Walk. Ch., 248.

The testimony of B. F. Perkins shows that he commenced an action of foreclosure on some of the notes in question in the district court of Johnson county in the name of Mary D'Arcy, which action was dismissed; but when the action was commenced, or the reason for dismissing the same, does not appear, and the testimony is too indefinite as against the positive evidence in favor of Davis, to show that she was the owner of the notes or any of them. It appears that in 1878 an action was commenced to foreclose the mortgage in question in the circuit court of the United States and that the court made an order requiring Davis to appear, and submit to an examination in said cause. That the time for such examination was extended until the 3d day of January, 1880, prior to which time it is alleged that Davis died. And the following order was on the 12th day of January, 1880, made in said court: "Said plaintiff having failed to comply with the order of this court entered herein on the 14th day of November, 1879, it is now ordered by the court that this cause be and the same is hereby dismissed, at the costs of said plaintiff."

On the 21st of the same month a motion was made to revive said judgment in favor of Cheney as executor of the estate, when the following order was made: "Upon due consideration of the motions of said plaintiff for an order of dismissal entered herein, and for an order of revivor herein, it is this day ordered by the court that said motions be and the same are hereby denied, and said case to stand dismissed."

It is contended by the appellees that this is a final judgment, which is conclusive of the rights of Cheney as execu-

tor of Davis, and the case of *Hendrix v. Rieman*, 6 Neb., 516, is cited to sustain that position. In that case the action was revived in the name of Jennie A. Rieman as administratrix of the estate of S. D. Rieman, deceased. The defendant answered, denying that Jennie A. Rieman was administratrix. The testimony was not preserved, and the court held that it must be presumed that the findings were based on sufficient proof. The circuit court does not find that Cheney was not executor of the estate of Davis, nor does it appear that its refusal to permit the action to be revived was upon that ground. So far as this record discloses there has been no adjudication upon that question. A judgment to be conclusive must be final and upon the merits. But where there has been no trial or no submission of the case on the pleadings, a judgment of non-suit is not conclusive. The rule is thus stated by the supreme court of the United States: "A judgment of non-suit is only given after the appearance of the defendant, when from any delay or other fault of the plaintiff, against the rules of law in any subsequent stage of the cause, he has not followed the remedy which he has chosen to assert his claim as he ought to do. For such delinquency or mistake he may be *non-pros'd*, and is liable to pay the costs. But as nothing positive can be implied from the plaintiff's error as to the subject matter of his suit, he may reassert it by the same remedy in another suit if it be appropriate to his cause of action, or by any other which is so if the first was not." *Homer v. Brown*, 16 How., 365. Wells Res Adjudicata, § 453. It is pretty clear that the judgment of dismissal in the U. S. circuit court is not a bar.

The only remaining question is that of the statute of limitations, it being contended that more than five years have elapsed since the notes became due.

In *Hale v. Christy*, 8 Neb., 264, it was held that an action to foreclose a mortgage could be brought at any time within ten years from the time the cause of action

accrued. As the statute would run against the note in five years, it is probable that after the expiration of that time the remedy would be against the mortgaged premises alone, but that question does not arise in this case.

The testimony tends to show that the plaintiff is entitled to recover, and against this testimony there is an entire failure of proof. There are a number of vague insinuations, as that Davis was a myth, that this is a mere device to evade the usury laws, etc., but no evidence upon those points. Courts must be governed by the testimony in a case, and have no authority to base a judgment on mere conjecture. The judgment of the district court is reversed, and as the testimony is all before the court a decree of foreclosure will be entered in this court in favor of the plaintiff.

DECREE ACCORDINGLY.