MATHIAS PANKO, PLAINTIFF IN ERROR, V. SAMUEL IRWIN, DEFENDANT IN ERROR.

Practice. The title to the land in controversy having been obtained by the plaintiff in error through a conveyance from the defendant, in whom it was found to be by the judgment sought to have reversed, to the end that the litigation may cease, and each party left secure in his rights, it is ordered that the petition in error be dismissed at the costs of the plaintiff in error.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*Mason & Whedon*, for plaintiff in error.

*J. L. Mitchell*, for defendant in error.

LAKE, CH. J.

By the judgment of the district court brought here for review, the legal title to the land in question was found to

be in the defendant in error.    Since the petition in error in this case was filed, Irwin's ownership has been recognized by Panko, by taking a conveyance of the premises under him.    The controversy between them respecting the title being thus terminated, to the end that the litigation may cease, it is moved on behalf of Panko that such an order may be made in the case as will secure that result, and at the same time confirm the title in him.

This can be successfully accomplished probably in either of two ways, viz., by reversing the judgment of the district court and dismissing the action brought by Irwin for the land, or by dismissing the petition in error, thereby leaving the judgment in his favor intact, to inure to Panko's benefit by force of the conveyance before referred to.

While either of these methods would be effectual in the accomplishment of the desired object, an objection lies to the former, in this, that there being no stipulation by Irwin as to the course to be pursued, it might have the effect also to prejudice him, at least in the matter of costs, to which by the judgment he is entitled.    And in addition to this, it would seem to be unfair to the court below to reverse its judgment in the absence of a stipulation that it should be done, and without giving any sufficient reason for doing it. To the latter, however, there can be no serious objection made by anyone.    By pursuing it, both parties would be left in possession of all their rights—Panko to the fee of the land through the conveyance from Irwin, and the latter to his costs, to which, both in the court below and here, in the absence of an agreement to the contrary, he seems to be entitled.

The petition in error will therefore be dismissed at the costs of the plaintiff in error.

JUDGMENT ACCORDINGLY.