HELEN A. HERDMAN, APPELLEE, v. LINUS M. MAR-SHALL ET AL., APPELLANTS.

1. **Pleading:** REPLY TO ANSWER. A reply to an answer denying each and every allegation contained in the answer inconsistent with the statements of plaintiff's petition is defective and an insufficient denial of the allegations of the answer, and upon motion to make more specific will be held bad; and unless amended so as to conform to the code will be treated as no denial. But if upon such denial the parties go to trial, treating it as a sufficient denial, it must be so treated in all stages of the case.

2. **Limitation of Actions:** MORTGAGES. An action upon a mortgage will not be barred until ten years from the time the cause of action accrued. *Cheney v. Cooper*, 14 Neb., 415.

3. **The evidence** in the case examined, and the decision of the district court, *Held*, To be correct.

APPEAL from the district court of Johnson county. Heard below before BROADY, J.

*Harwood, Ames & Kelly*, for appellant.

*Babcock & Davidson*, for appellee.

REESE, J.

The plaintiff and appellee filed her petition in the district court of Johnson county on the sixteenth day of Jan-

uary, 1882, by which she sought the foreclosure of a
mortgage on certain real estate executed to her by E.
Collingwood, by W. Wames, his attorney in fact, on the
sixteenth day of January, 1874, for the purpose of securing
the payment of a promissory note of the said Collingwood,
executed of that date in his name by said attorney in fact,
for the sum of $3,000, due and payable on the sixteenth
day of January, 1877.

The pleadings in the case are quite voluminous, but in
order to a full understanding of the case it seems necessary
that they be substantially given.

The petition states substantially that on the said sixteenth
day of January, 1874, the defendant, Collingwood, being
indebted to the plaintiff in the sum of $3,000, executed to
her, under the name of Nellie W. Amos, the note and
mortgage declared on, and which are properly set out in
the petition. It is alleged that W. Wames, the attorney
in fact, was duly authorized to execute the note and mort-
gage by a power of attorney properly executed and re-
corded, and that the mortgage was duly recorded in the
mortgage records of Johnson county, and that the same
was a valid and subsisting lien upon the real estate de-
scribed therein. That the debt was due and unpaid, no
payments having been made thereon, and that no proceed-
ings had been had at law to collect the debt secured by the
mortgage. She then avers that the other defendants, nam-
ing them, each claim some interest in or lien upon the
mortgaged premises, the true nature of which is unknown,
but inferior and subsequent to her mortgage. She asks
that they be made defendants and her mortgage foreclosed
against them as well as against Collingwood.

The defendants, excepting William S. Amos and E. Col-
lingwood, answer jointly, alleging in substance that the
legal title to the mortgaged premises is in William S. Amos,
the father of plaintiff, and the pretended defendant Edward
Collingwood in truth and fact is the said William S. Amos;

the name Collingwood being another and assumed name of said Amos, and that the names "William W. Amos" and "Nellie Wames, attorney in fact," are assumed names of the defendant William S. Amos.    That the said William S. Amos *alias* William Wames *alias* Edward Collingwood, in the spring and summer of the year 1870, and previously thereto, resided in the city of St. Louis, and was engaged in business therein as a dealer in lumber, shingles, and building material, under the style and name of W. S. Amo and Company, and under said style and name became largely indebted to the defendants severally, the amounts of which debts are alleged in the answer.    It is alleged that William S. Amos was the sole and only proprietor of said business, and that the debts contracted by said William S. Amos and Company were the debts of William S. Amos solely.    That immediately after contracting the said indebtedness, in the month of November, 1870, the said William S. Amos, for the purpose of defrauding them and preventing them from collecting their claims against him, secretly and clandestinely disposed of and converted his property into money, and in the night time absconded and ran away from his place of business and from the said city of St. Louis, and did fraudulently conceal himself in Nebraska under the assumed names of William Wames *alias* Edward Collingwood, and so continued to conceal himself until in the month of July, 1877, when he was accidentally discovered by one of the answering defendants.    That in the year 1872 he, with his own means, purchased and paid for the real estate in question, and for the purpose of concealing it from his creditors caused the title to be made and to appear of record in the name of Edward Collingwood, and that on and prior to the sixteenth day of January, 1874—the date of the mortgage declared on by plaintiff—and also up to the time of filing the answer, the said William S. Amos was the owner in fee simple, absolutely free from incumbrance, of said land, except as to the rights

of said defendants, notwithstanding it appeared upon the county records in the name of Edward Collingwood. It is also alleged that about the sixteenth day of January, 1874, said William S. Amos conspired and confederated with the plaintiff, who then assumed and was known by the name of Nellie Wames, but whose real name was Helen Amos, and to carry out his fraudulent purpose did, by the assumed name of E. Collingwood, the real name of said Collingwood being William S. Amos, by William Wames attorney *in fact*, that being another of the assumed names of said Amos, without any consideration from plaintiff, Nellie Wames, or from any other person, assume and pretend to execute and deliver to said Nellie Wames the mortgage upon which the suit is based, but that the said Amos was not indebted to Nellie Wames, plaintiff, in any sum whatever. That said mortgage was never delivered to said Nellie Wames by said Amos, and never became a lien upon the property as against any person, and that as against the defendants it is wholly void. It is also alleged that the several claims and demands of the answering defendants have been reduced to judgments against the said Amos, and that they are still in force unsatisfied and unpaid, their dates and names of the courts in which they were rendered being set out at length. That executions have been issued on each of said judgments, but all have been returned unsatisfied for want of property on which to levy. That aside from the land in dispute they know of no property of the said William S. Amos, but that all of his property is so concealed that it cannot be found. All interest of the plaintiff in the property is denied, and it is sought to have the mortgage canceled and adjudged to be void, and the land decreed to be the property of William S. Amos and made subject to defendants' executions.

The reply of the plaintiff "denies each and every allegation in said answer contained inconsistent with the statements in plaintiff's petition herein contained." The reply

also specifically denies that the title to the real estate in question is in William S. Amos, and also denies all allegations which charge plaintiff with conspiring with William S. Amos to delay or defraud his creditors, and alleges that the land is the property of E. Collingwood.

Upon these issues the cause was tried.

No evidence was offered by the plaintiff except the mortgage, which was received without objection. The defendants, to sustain the issues on their part, offered and read the deposition of the plaintiff taken on the ninth day of December, 1881, in an action then pending in the United States circuit court for the district of Nebraska, in which Linus M. Marshall and others were plaintiffs and W. S. Amos and others were defendants. No other testimony was introduced. A decree was entered in favor of plaintiff foreclosing the mortgage. From the decree defendants appeal.

The first question presented for decision is as to the proper construction of the pleadings. It is insisted by appellants that the reply is and should be treated as an admission of all the allegations of the answer not specifically denied. That the denial in the reply of "each and every allegation in said answer contained inconsistent with the statements in plaintiff's petition," is not a denial of any allegation of the answer, and therefore the allegations that William S. Amos, William Wames, E. Collingwood, and Edward Collingwood are one and the same person, and Nellie Wames, his daughter, is the plaintiff; that Amos ran away from St. Louis owing the debts due defendants, and secreted himself in Nebraska under one of the above aliases; that plaintiff participated and aided in such concealment by changing her own name to correspond with the assumed name of her father; that the land in controversy was purchased with his own money; that he made the mortgage in suit in one of his assumed names, by another assumed name as attorney *in fact*, to another assumed

Herdman v. Marshall.

person called Nellie Wames, and that there were no such persons as William Wames, Collingwood, or Nellie Wames, stand admitted.

It is as confidently contended, upon the other hand, that the reply was treated by all parties in the court below as a denial of all the allegations of the answer, except the fact of the indebtedness of Amos and the rendition of the judgments against him, and that good faith would require it to be so treated in this court, even were the reply defective.

It must be conceded that a denial of all allegations of an answer which are inconsistent with the petition falls short of the general denial prescribed by the code, and if objected to by the proper motion to make it definite and certain (Maxwell's Pleading and Practice, 3d edition, 94) it would have been held bad, and the pleader would have been required to specifically state what allegations of fact he denied. But such a course was not pursued. An examination of the record will show conclusively that the reply was treated as a denial of all allegations of the answer except those above named. It was so treated in the district court, it must be so treated here. If an objection is to be made at all it should be made on the trial, so that the party filing the pleading will not be taken by surprise. *Neis v. Franzen*, 18 Wis., 542.

Again, the reply denies that the title to the land in question is the land of Amos, and denies all that part of said answer which charges her with conspiring and confederating with said Amos to delay or defraud the defendants or any of his other creditors. It is provided by section 121 of the civil code that, " In the construction of any pleading, for the purpose of determining its effects, its allegations shall be liberally construed with a view to substantial justice between the parties." Applying this rule to the reply in question, it would seem to justify the course pursued by the parties upon the trial in the court below.

The questions presented by the testimony were submit-

ted to the trial court, and it would seem that its decision thereon should be final. But as all the testimony was given by one witness upon the part of the defendants, unless that testimony is clearly self-contradictory it must stand as sufficient to sustain the finding of the court upon the several propositions necessarily involved in the finding. It is insisted that Collingwood and Amos and Wames were the same person. It must be conceded that Wames and Amos were the same, and that Amos, for the purpose of concealing his identity no doubt, took upon himself the name of Wames. But there is absolutely no proof that Collingwood was the same person as Wames and Amos. Indeed, the only witness whose testimony we have testifies he was not. In her answers to questions thirty-two and thirty-three she testifies that Collingwood was not present when the note and mortgage were executed, but Wames was. In her answers to questions thirty-six *et seq.* of her deposition, she testified that she had seen Collingwood some twenty years ago in Milwaukee; that she was acquainted with him when they were young; that in later life she understood him to be a man of means; that she, upon her father's request as his, Collingwood's, agent, loaned him the money secured by the mortgage, paying it over in Judge Pound's office in Lincoln. The witness further testified that she paid it out of her own funds given her by her mother, who inherited it from her uncle, Dr. Herdman, who died in Scotland. In the redirect testimony of this witness she is asked if she does not know that Collingwood, so far as he was doing business in Nebraska, was a mere myth, and that it is the name in which her father did business to avoid creditors. To which she answered she did not. It is further to be observed that the only testimony upon the question of consideration is from the same witness, as given above. The want of consideration is not shown. But if such want were shown it would still be unavailing to defendants, unless they made it appear

that the land was the property of Amos. Having failed to do this to the satisfaction of the trial court, the question of consideration or the want of it becomes unimportant. The testimony of the plaintiff on behalf of the defendants is, to the mind of the writer, very unsatisfactory. Whether prompted by a desire to suppress the truth, or laboring under, to her, unusual embarrassment, it is not easy to determine. But the former presents itself to the mind as the probable reason for the many imperfect answers found in her deposition. But it must be borne in mind that this testimony is introduced for the purpose of establishing certain facts for the defendants. They call her as a witness for the purpose of maintaining *their* case. Her testimony does not do it. It may be she is a very bad witness, yet that fact, if true, does not establish the converse of what she deposes.

It is insisted that the plaintiff's claim is barred by the statute of limitations. The note matured January 16, 1877. The petition was filed January 16th, 1882. It has so frequently been held that a suit to foreclose a mortgage is not barred until the lapse of ten years that it can no longer be considered an open question. *Hale v. Christy*, 8 Neb., 264. *Stevenson v. Craig*, 12 Id., 464. *Cheney v. Cooper*, 14 Id., 415. *Gatling v. Lane, ante* p. 77.

The question of the constitutionality of the amendatory act extending the limitation to ten years is fully discussed in the opinion on the motion for rehearing in *Gatling v. Lane, supra*, and nothing further need be here added. We are satisfied with that decision.

Whatever there may be of suspicion and doubt surrounding this case, we do not think it can be said, in the light of the evidence, that the decision of the court below was wrong.

The decree of the district court must therefore be affirmed.

DECREE AFFIRMED.