CHENEY, Ex'r, etc., *v.* STONE and others.

*(Circuit Court, D. Nebraska. 1886.)*

1. LIMITATIONS—NOTE—MORTGAGE FORECLOSURE—PURCHASE FOR VALUE.

In a suit to foreclose a mortgage brought within the 10 years limited for such suit by the statutes of Nebraska, the plaintiff is not deprived of the benefit of the fact that he is a purchaser for value, and before maturity, of the notes and mortgage, by the fact that the statute of limitations has run on the notes.[1]

2. NEGOTIABLE PAPER—POSSESSION—PRESUMPTION.

Possession of negotiable paper duly indorsed is *prima facie* evidence of *bona fide* purchase for value before maturity.[2]

3. MORTGAGE FORECLOSURE—CLAIM OF BONA FIDE PURCHASER—EVIDENCE.

In an action brought in Nebraska by one claiming to be the executor of a former resident of New York to foreclose a mortgage of which it was claimed that the testator was a *bona fide* purchaser before maturity, it appeared that a former action to foreclose had been brought by the testator in his life-time, but was dismissed on account of the failure of the plaintiff to submit to examination; that in that action defendant took out an order for plaintiff's examination, and at the appointed time and place, the place being an office in New York city, a man presented himself claiming to be the plaintiff, but, when questioned about his name, seemed embarrassed, and immediately left the room, and did not reappear for examination. It was also shown that the executor, who claimed to have himself sold the mortgage to the testator, wrote letters to the mortgagor urging payment of the interest due on the mortgage after the date of the alleged sale. *Held,* that these circumstances were not sufficient to justify a conclusion that there was no such person as the alleged testator, and that the pretended sale was fictitious, as against the positive testimony of several witnesses to their acquaintance with the testator, and their knowledge of the circumstances of the sale.

4. FOREIGN EXECUTOR—ACTION BY—RIGHT TO MAINTAIN.

In a state where an executor appointed in another state is allowed to sue like any other non-resident, the right of one to maintain an action as such an executor, on securities in his hands, is sufficiently shown by the production of letters testamentary issued by a county court of another state having general jurisdiction of the settlement of estates, although the testator was a resident

---

[1] See Cheney v. Janssen, (Neb.) 29 N. W. Rep. 289, and note; Cheney v. Woodruff, Id. 275, and note.

[2] See Manistee Nat. Bank v. Seymour, (Mich.) 31 N. W. Rep. 140, and note.

of a third state when he died, and the recitals of the letters only show that he had property in the state, and not in the county where the letters were issued, and there is no evidence of the will being probated there.[3]

5. JUDGMENT—OF DISMISSAL—WHEN A BAR.

If a suit is dismissed on account of the failure of plaintiff to submit himself to examination, the judgment is not a bar to a subsequent suit.

Action begun July 12, 1884, to foreclose a mortgage given to secure a loan of $1,000 and interest. There were two notes, and ten interest coupon notes, which, with the mortgage, were dated July 16, 1872. The principal notes were payable in five years; the coupons, in one, two, three, four, and five years, respectively. Usury, statute of limitations, and former adjudication, among other defenses, were set up.

Among other evidence the defendant introduced a deposition of P. D. Cheney, taken in another suit, to which were attached letters written by Cheney, dated in July and August, 1876, urging payment of the interest coupons. Cheney testified, in the present case, that he sold the notes and mortgage sued on in April, 1875, to the testator, William G. Davis.

*C. E. Magoon,* (*O. P. Mason,* of counsel,) for complainant.

*S. P. Davidson* and *T. Appleget,* for defendants, claimed, among other things, that the defense of usury was not avoided by the fact, if shown, that plaintiff's testator was a *bona fide* purchaser of the notes for value, and before maturity, as the five-years statute of limitations had run on the notes; citing *Cheney* v. *Cooper,* 14 Neb. 419, 16 N. W. Rep. 471.

BREWER, J. This is an action to foreclose a mortgage. Several defenses, such as usury and the statute of limitations, are interposed. Many of the questions presented by the pleadings have been already considered by me in prior cases in this district of a like nature, and further reference to them is unnecessary. Some of them have also been considered by the supreme court of this state, and my conclusions, I am happy to state, were fully in accord with those of that learned court. *Cheney* v. *Cooper,* 14 Neb. 415, 16 N. W. Rep. 471; *Cheney* v. *Woodruff,* 29 N. W. Rep. 275; *Mundy* v. *Whittemore,* 15 Neb. 647, 19 N. W. Rep. 694.

Two matters are, however, presented which require notice.

1. Complainant claims that his testator was a *bona fide* purchaser before maturity. Defendants insist that the testimony fails to establish this fact. It must be borne in mind that the possession of negotiable paper, duly indorsed, is *prima facie* evidence of a *bona fide* purchase before maturity. Concede, for the purpose of this argument, that usury in the inception of the paper, which in this case is abundantly proved, does away with the *prima facie* evidence from such possession. We have the positive testimony of two witnesses, complainant and his brother, to the purchase, its time, amount paid, and by one, at least, the information given to the purchaser. The circumstances thus disclosed show a purchase before maturity, payment of full value, and indicate entire igno-

[3] See Lewis v. Adams, (Cal.) 11 Pac. Rep. 833, and note; Moore v. Jordan, (Kan.) 13 Pac. Rep. —.

rance on the part of the purchaser of the matter attending the giving of the notes and mortgage. As against this, there is no direct testimony. That which is relied upon is this: Testator in his life-time brought an action in this court to foreclose this mortgage. Defendant sought to take his testimony, and obtained an order for his examination. Failing to submit himself to such examination, the court dismissed the action. Of course, such dismissal is no bar,—presents no case of *res adjudicata*. *Cheney* v. *Cooper*, 14 Neb. 415, 16 N. W. Rep. 471. Further, there is the testimony of one witness that he attended at an office in New York city, in behalf of defendants, at a time fixed for the examination of the complainant; that a gentleman appeared and was sworn, gave his name as William G. Davis, the complainant, but, when asked what the initial "G" stood for, seemed confused, and repeated the letter "G" three times, said "George," and immediately thereafter excused himself on the plea of a prior engagement, and never reappeared for examination. In addition, two letters of Cheney, the complainant, are produced, written after the time of the sale testified to by him, urging, in behalf of the lender, the payment of the overdue interest. The inference sought to be drawn from this is that there was no such person as William G. Davis, the alleged testator; that he was a myth; that the pretended sale was fictitious; and that Cheney was all the while the real owner. The inference is far-fetched. Several witnesses testify to an acquaintance with and knowledge of William G. Davis. The reality of such a person is established. His conduct at the examination may create a suspicion, but that is all. Cheney's letter, even if evidence against the defendant's estate, contains no assertion of title or denial of sale. It is such a letter as might well come from the original negotiator of the loan, still the owner of a small note unpaid, and recognizing the duty of doing what he can to obtain payment of the interest on the principal notes. Neither of these matters are sufficient to overthrow the positive testimony as to the *bona fides* of testator's purchase.

2. The other matter is this: Complainant sues as executor. In his bill he alleges the death of Davis, and his appointment as executor by the court of Christian county, Illinois. He produces his letters testamentary, but no copy of the will. The letters recite the death of Davis, "late of the county of New York and state of New York." The answer denies that there was any such person as William G. Davis, that Cheney was executor, or that the Christian county court ever had jurisdiction to appoint Cheney executor. That there was such a person as Davis, is, as I have said, clearly established. He was domiciled in New York at the time of his death. There is no testimony showing that his will was probated in that state, or that he had any property in Christian county, Illinois, at the time of his death, and nothing except the recitals in the letters to show that he had any property in the state of Illinois. Now, upon these facts, it is contended that, in the absence of the will, it cannot be presumed that the executor has authority to collect these notes, because that will may have provided some other disposition of them; that as the testator was, at the time of his death, domiciled in

New York, the primary jurisdiction for the settlement of his estate is vested in the courts of that state; that there the will must first be probated; and that in Illinois there can be only ancillary administration, and that limited to property in that state; and, finally, that, as it is not shown that testator left any property in Christian county, the courts of the county had no jurisdiction of the estate even for purposes of ancillary administration.

Neither of these propositions can, I think, be sustained. The county courts of Illinois have general jurisdiction of the settlement of estates of deceased persons, with power of appointment of executors and administrators. Rev. St. Ill. *c.* 37, § 69. The presumption as to their actions is that they are rightly done, and that the authority conferred upon an executor to act within their jurisdiction was lawfully granted. *Grignon* v. *Astor*, 2 How. 319. The letters testamentary prove the authority of the executor to act for the estate. He has possession of these securities. *Prima facie* it is his right and duty to collect them. This is not a case in which the securities are in the possession of another representative of the estate appointed by the courts of the state in which the property is situate, as in *Noonan* v. *Bradley*, 9 Wall. 394, or where full authority to sue is not given by the statutes of the state in which the action is brought. The statute of Nebraska is general and full in its terms: "An executor or administrator, duly appointed in any other state or county, may commence and prosecute any action or suit in any court in the state, in his capacity of executor or administrator, in like manner and under like restrictions as a non-resident may be permitted to sue." Comp. St. Neb. 1885, p. 324, *c.* 24. If the will contains any restrictions upon the power of the executor to collect or make any other disposition of these securities, the defendants should have proved the fact; otherwise the debt which they owe the estate they should pay to the proper representative. These are the only questions presented which I deem it necessary to notice.

A decree will be entered in favor of the complainant as prayed for. It is admitted that the case of *Cheney* v. *Brown* is similar, and a like decree will be there entered.