GILEAD P. CHENEY, APPELLANT, v. O. D. WOODRUFF
ET AL., APPELLEES.

1. **Limitation of Actions:** MORTGAGE FORECLOSURE. The act of 1869, by extending the period of limitation of mortgages of real estate to ten years, necessarily extended the limitation of the debt secured by the mortgage, where it is sought to enforce a sale of the mortgaged premises in satisfaction of said debt, to the same period as the mortgage.

2. **Mortgage Foreclosure:** PLEADING: EVIDENCE. In an action to foreclose a mortgage of real estate given to secure certain promissory notes, the notes may be set out as the evidence of the debt even if the action is brought but a few days before the expiration of ten years from the time the cause of action accrued. For the purpose of foreclosure the notes continue as evidence of the debt until the mortgage is barred.

APPEAL from Johnson county district court. Tried below before BROADY, J.

*B. F. Perkins* and *L. W. Colby,* for appellant.

The benefit of the statute of limitations may be waived, and will be, unless pleaded. *Taylor v. Courtnay,* 15 Neb., 196. *Atchison & N. R. Co. v. Miller,* 16 Neb., 664. A mortgage foreclosure is not barred after the lapse of five years from the time the cause of action accrued. *Hale v. Christy,* 8 Neb., 264. *Stevenson v. Craig,* 12 Neb. 464. *Cheney v. Cooper,* 14 Neb., 415. *Herdman v. Marshall,* 17 Neb., 259. A maker of a note who has declared to all the world that he has no defense or set-off to make against the note, and the mortgage to secure it, is estopped to set up usury as against a *bona fide* purchaser for value before maturity, who made the purchase relying on such declaration. Coleb. Col. Secur., § 138. *Weyh v. Boylan,* 85 N. Y., 394. *Smyth v. Munroe,* 84 N. Y., 354. *Horn v. Cole,* 51 N. H., 287. *Ashton's Appeal,* 73 Pa. St., 153.

*T. Appelget & Son*, for appellees.

A mortgage of real estate is a mere chose in action after the notes it secures are barred by limitations, and is open to all defenses in favor of the original mortgagee. *Trustees of Union College v. Wheeler*, 61 N. Y., 88. *Johnson v. Carpenter*, 7 Minn., 176 (Gil. 120). Comp. Stat., Neb., 1885, p. 632, § 31. The purchaser of notes before maturity, secured by mortgage, has no remedy except upon the mortgage, after the notes are outlawed. *Slocum v. Jacobus*, 10 Iowa, 262. *Olds v. Cummings*, 31 Ill., 188. *Terry v. Tuttle*, 24 Mich., 206. *Mott v. Clark*, 9 Pa. St., 399. *Pryor v. Wood*, 31 Pa. St., 142. *Baily v. Smith*, 14 Ohio St., 405. *Sims v. Hammond*, 33 Iowa, 368. *Cumberland Coal Co. v. Parish*, 42 Md., 598. An assignee of a mortgage takes it subject to equities attending its execution, and also to those existing at the time of the assignment. *Crane v. Turner*, 67 N. Y., 437. *Hortsman v. Gerker*, 49 Pa. St., 283. *Twitchell v. McMurtrie*, 77 Pa. St., 383.

MAXWELL, CH. J.

This action was brought in the district court of Johnson county to foreclose a mortgage on real estate for a debt evidenced by four promissory notes alike in date, amount, parties, and effect, except the time of maturity, being due in two, three, four, and five years after date. The following is a copy of one of said notes:

"$35.00. TECUMSEH, NEB., December 14th, 1872.

"Two years after date, for value received, I promise to pay to the order of P. D. Cheney, thirty-five dollars, at bank of Russell & Holmes, without interest before maturity, with twelve per cent per annum after maturity."

"O. D. WOODRUFF."

The notes are all endorsed by P. D. Cheney. An action to foreclose the mortgage was brought on the 9th day of December, 1884, the summons being issued on that day, and served on the 15th of that month.

The defendant answered the petition, admitting the execution of the notes and mortgage, but alleging that the notes were given for usurious interest, which is admitted, and pleading that the action is barred by the statute of limitations. On the trial of the cause the court below refused to receive the notes in evidence, and found the issues in favor of the defendant and dismissed the action. The plaintiff appeals.

The testimony shows that the plaintiff purchased the notes in question in May, 1874, and that he had no notice of the usurious consideration. He is entitled to maintain the action therefore unless it is barred by the statute of limitations.

In *Hale v. Christy*, 8 Neb., 264; it was held by a majority of the court that an action to foreclose a mortgage upon real estate may be brought at any time within ten years after the cause of action accrued. The writer filed a dissenting opinion in that case, but the rule having been established by a majority of the court, and as it affects property rights, it will be adhered to. If a change is desired, it must be made by the legislature and not by the court. As the action was brought within ten years from the maturity of the first note the action is not barred.

It is claimed, however, that the notes are barred, and are not now evidence of the debt, and that therefore, although the plaintiff purchased the notes before due, that an action on the notes being barred, the equities between the defendant and P. D. Cheney may now be set up, and therefore the defense of usury is available, and a remark in *Cheney v. Cooper*, 14 Neb., 419, that "As the statute would run against the note in five years, it is probable that after the expiration of that time the remedy would be

against the mortgaged premises alone," is quoted to sustain that view. It is stated in that case that the question was not then before the court. It is apparent, however, that the meaning of the language used in that case was, that if an action at law was brought on the note to recover a judgment against the maker, it must be brought in five years. Such an action is not brought to subject the mortgaged property to the satisfaction of the debt, but to subject any property possessed by the debtor liable to sale upon execution. In such an action, therefore, the note is placed in precisely the same condition as though it was not secured by mortgage. Where, however, the action is brought in equity to foreclose a mortgage on real estate given to secure certain promissory notes, such notes continue as evidence of the debt until the mortgage is barred. The debt necessarily must continue to exist until that time, and we know of no reason why the notes should not continue in force as evidence of it.

The former statute limited the time within which an action to foreclose a mortgage could be brought to five years, that being the period when the debt would be barred. In construing the statute of 1869, therefore, we must consider the old law, the mischief and the remedy; that is, the law as it existed when the act of 1869 was passed, what the evil was for which the former statute did not provide, and the remedy the legislature by the act of 1869 has provided to cure the evil, and so to construe the act as to suppress the evil and advance the remedy. 1 Blackstone Com., 87. *Rogers v. Omaha Hotel Co.*, 4 Neb., 58. It is apparent that the object of the legislature in passing the act in question was to extend the period of limitation on mortgages to ten years—that is, that the mortgage may be foreclosed at any time within ten years to enforce the payment of the debt by a sale of the mortgaged property. This necessarily makes the debt the basis of the action of foreclosure, and it may, where there has been no change

in its character, be set out in the petition in the same form in which it was first evidenced. If by promisssory notes, then such notes may be set forth in the petition as in an ordinary action of foreclosure. That was the course pursued in this case. The court therefore erred in excluding the notes as evidence and in finding for the defendant.

The decree of the court below is reversed, and a decree will be entered in this court for the amount due in the premises.

DECREE ACCORDINGLY.

THE other judges concur.