PRENTISS D. CHENEY, EXECUTOR, APPELLANT, V. JAMES A. CAMPBELL, APPELLEE.

[FILED DECEMBER 31, 1889.]

1. **Negotiable Instruments:** LIMITATIONS. In an action to foreclose a mortgage on real estate there were five notes, each for $60, due and payable in one, two, three, four, and five years. The notes were dated February 29, 1876, and the summons in the action, served on the defendant, was dated February 9, 1888. *Held*, That in an action to foreclose the mortgage the notes continued as evidence of the debt for ten years from the time they each became due, and that only the first of the above notes was barred.

2. ———: USURY : TRANSFER. Certain notes given for grossly usurious interest, and secured by a second mortgage on real estate, were transferred to a *bona fide* holder for one-half of their face value, the claim of the purchaser being that the security might be inadequate. In an action by his executor to foreclose the mortgage, *held*, that the same rule would be applied as where the original consideration was wholly fraudulent, and the recovery would be restricted to the amount paid by the purchaser, with legal interest thereon.

APPEAL from the district court for Richardson county. Heard below before BROADY, J.

*L. C. Chapman,* for appellant, cited: *Dorrington v. Meyer,* 8 Neb., 214; *White v. Rourke,* 11 Id., 519; *Ransom v. Schmela,* 13 Id., 74; *Studebaker v. McCargur,* 20 Id., 504.

*S. P. Davidson,* for appellee.

MAXWELL, J.

In the year 1876 the defendant Campbell borrowed $600 from the plaintiff at twenty per cent interest, and, in addition to notes and a mortgage for the sum borrowed, gave five notes of $60 each, secured by mortgage on real estate in Johnson county. Said notes are alike except as to the time of payment, and are in the following form:

"$60.          TECUMSEH, NEB., February 29, 1876.

"Two years after date, for value received, I promise to pay to the order of P. D. Cheney sixty dollars, payable at the office of Russell & Holmes, without interest before maturity, with twelve per cent per annum after maturity.

"JAMES A. CAMPBELL."

These notes were properly indorsed by Cheney, and he claims to have sold and delivered them before due to one Davis for a valuable consideration. The subsequent death of Davis is also alleged, and the appointment of Cheney as executor under his will. The allegations of the petition on that point are as follows:

"Plaintiff avers that before the said notes, or either of them, became due, the same were, by indorsement of said P. D. Cheney for a valuable consideration indorsed, assigned, transferred, and delivered to the said Wm. G. Davis in the lifetime of the said Wm. G. Davis, who was the lawful holder and owner of said notes during his life-

time; and that said Wm. G. Davis departed this life on or about December 25, A. D. 1879, leaving said notes among the assets and effects of the estate of the said Wm. G. Davis, deceased. And that afterwards, to-wit, January, 1880, this plaintiff was duly and lawfully appointed executor of the said estate of Wm. G. Davis, as will more fully appear by reference to the certified copy of the letters testamentary herewith annexed."

To this petition Campbell filed an answer, in which he pleaded: First, usury and want of consideration; and, Second, the statute of limitations.

On the trial of the cause the court found the issues in favor of the defendant and dismissed the action.

The summons served on the defendant was issued on the 9th day of February, 1888, so that under the provisions of sections 6 and 19 of the Code but one of said notes was barred by the statute when the action was brought, viz., the first, as the limitation in an action to foreclose a mortgage on real estate is ten years.

This question has been so often decided by this court that it is unnecessary again to review it. For the purpose of foreclosure the notes continue as evidence of the debt, for ten years from the time they became due. (*Cheney v. Woodruff*, 20 Neb., 126; *Cheney v. Janssen*, Id., 132; *Studebaker v. McCargur*, Id., 503; *Herdman v. Marshall*, 17 Id., 259; *Cheney v. Cooper*, 14 Id., 418; *Stevenson v. Craig*, 12 Id., 469; *Hale v. Christy*, 8 Id., 268.)

All the testimony as to the transfer of the notes to Davis is that of the plaintiff and his brother. This testimony tends to show the notes in question were sold and transferred to Davis before due for $150 in cash; that the reason Davis refused to pay more for them was that they were secured by a second mortgage, and that there was danger that the security would be inadequate.

The testimony of the plaintiff and his brother was taken by depositions, and the cross-examination by cross-inter-

rogations.   The answers to these are not very full, nor are the questions as searching as they probably would have been if the defendant's attorney had been personally present.

If we give this testimony any weight whatever, and we see no reason for rejecting it, then Davis was a purchaser in good faith of the notes in question.

The consideration for the notes in question, however, being wholly for usurious interest not permitted by law, the same rule will be applied in cases where the consideration was wholly fraudulent, the purchaser will be permitted to recover the amount paid by Davis with lawful interest thereon. (*DeKay v. Hackensack*, 38 N. J. Eq., 158; *Huff v. Wagner*, 63 Barb., 215; *Petty v. Hannum*, 2 Humph., 102.)   The same principle is recognized in *Williams v. Smith*, 2 Hill, 301; *Buckner v. Jones*, 1 Mo. App., 538; *Holeman v. Hobson*, 8 Humph., 127; *Wiffen v. Roberts*, 1 Esp., 261.

The plaintiff is entitled to recover the amount paid by the testator for said notes with lawful interest thereon, and as the mortgage was executed while the act providing for an attorney's fee was in force, and the mortgage provides for a fee of $25 in case an action to foreclose the mortgage is brought and decree obtained, a fee of that sum is hereby allowed to be charged as costs in the case.

The judgment of the district court is reversed and a decree will be entered in this court for $120, with interest thereon to date.

JUDGMENT ACCORDINGLY.

THE other judges concur.