ANN E. CAMPBELL, APPELLEE, V. MARC A. UPTON ET AL., IMPLEADED WITH WINFIELD S. MAYNE, APPELLANT.

FILED OCTOBER 20, 1898.   No. 8345.

Mortgage Foreclosure: LIMITATION OF ACTIONS. An action to foreclose a real estate mortgage, given to secure a note, bond, or other written evidence of indebtedness, may be commenced at any time within ten years after the cause of action accrues.

APPEAL from the district court of Douglas county. Tried below before DUFFIE, J.  *Affirmed.*

*Winfield S. Strawn,* for appellant.

*J. W. Woodrough, contra.*

SULLIVAN, J.

Nothing would be gained by a delineation of the events out of which this controversy has emerged. The precise question to be determined is whether a suit to foreclose a real estate mortgage, securing a debt evidenced by promissory notes, may. be maintained after the right of action on such notes has become barred by the statute of limitations.

Section 6 of the Code of Civil Procedure is as follows: "An action for the recovery of the title or possession of lands, tenements, or hereditaments, can only be brought within ten years after the cause of such action shall have accrued. This section shall be. construed to apply also to mortgages." It is contended by counsel for appellant

that this section is only applicable to naked mortgages and has no reference to such as are incidental to, and security for, notes, bonds, or other instruments evidencing indebtedness. The argument submitted by the learned counsel for appellant in support of this position is a strong and persuasive one, but it seems to us the question is already settled the other way by precedents of controlling authority. (*Hale v. Christy*, 8 Neb. 264; *Stevenson v. Craig*, 12 Neb. 464; *Cheney v. Cooper*, 14 Neb. 415; *Herdman v. Marshall*, 17 Neb. 252; *Cheney v. Woodruff*, 20 Neb. 124; *Cheney v. Campbell*, 28 Neb. 376; *Merriam v. Goodlett*, 36 Neb. 384.) In *Herdman v. Marshall*, *supra*, it was announced that discussion of the question now under consideration was foreclosed by the past adjudications of this court, REESE, J., remarking that "It has so frequently been held that a suit to foreclose a mortgage is not barred until the lapse of ten years, that it can no longer be considered an open question." And in *Cheney v. Campbell*, *supra*, it was said: "This question has been so often decided by this court that it is unnecessary again to review it. For the purpose of foreclosure the notes continue as evidence of the debt for ten years from the time they become due." From the rule established by the decisions cited we are not at liberty to depart, even though we may think it rests on an erroneous interpretation of the statute. The judgment appealed from is

AFFIRMED.