CHARLES GREEN BRAINARD, APPELLANT, V. WILLIAM B. HALL
ET AL., APPELLEES.

289 N. W. 845

FILED JAUNARY 26, 1940. No. 30697.

*Kingsbury & Kingsbury*, for appellant.

*McCarthy & McCarthy*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

FALLOON, District Judge.

On the 19th day of January, 1938, the appellant brought suit to foreclose a mortgage given on certain lands in Dixon county, Nebraska, against the appellees. The note and mortgage securing same were given August 20, 1891, for $2,500, due in one year, with interest at 6 per cent. It was given by William B. Hall and his wife, Jessie R. Hall, two of the appellees, to Charles Green, and duly recorded the next day in the office of the county clerk of Dixon county. The petition further alleges that on October 13, 1897, Charles Green assigned and delivered said note and mortgage to Mary Genevie Brainard, who died June 3, 1932,

and that the appellant is now the owner and holder of said note and mortgage. The petition also alleges that interest was paid on July 11, 1893, and thereafter until March, 1926, when the last interest in sum of $150 was paid. The original petition also alleges in paragraph 7 thereof that, notwithstanding said note by its terms became due and payable one year after date, it was orally, mutually agreed, by and between the appellee, William B. Hall, and Mary Genevie Brainard that said principal note should not be paid until the death of Mary Genevie Brainard, but that the interest should be paid annually.

This paragraph 7 was later amended to read:

"That the mutual oral agreement was arranged, made and entered into by and between the defendants, William B. Hall and Mary Genevie Brainard, assignee of said note and mortgage, with and in the presence of the plaintiff who is a son of the said Mary Genevie Brainard, who during the past thirty years or more of the life of Mary Genevie Brainard conducted her business and handled the business affairs of said Mary Genevie Brainard, and all of the parties well knew and understood said oral agreement, which afterwards at various times and in various ways was ratified by the defendant William B. Hall and that no demand at any time was ever made on the said William B. Hall for the payment of the principal sum of said indebtedness or any part thereof and that the same was not expected, demanded, or required during the life of Mary Genevie Brainard except only the interest payments thereon which became due annually, which facts were understood, arranged and agreed upon with the said William B. Hall."

Later, the appellant filed a substitute amendment to paragraph 7, in which it is alleged:

"That the mutual oral agreement entered into by the said Mary Genevie Brainard and the defendant William B. Hall, was about the year of 1900 or immediately prior thereto. The exact date which is unknown by the plaintiff and said oral agreement arranged, made and entered into by and between said parties in the presence and hearing

of this plaintiff, who is a son of the said Mary Genevie Brainard, and in the town of Waterville, county of Oneida and state of New York.

"Whereby it was agreed that the said principal note set out herein should not be paid until the death of Mary Genevie Brainard but that the interest thereon should and would be paid annually by the said William B. Hall, by reason of said oral agreement. That said principal sum of said note would not become due and payable until the third day of June, 1932, and that no demand was ever made upon the said William B. Hall for the payment of said $2,500, until after the death of the said Mary Genevie Brainard.

"That said oral agreement between the said Mary Genevie Brainard and William B. Hall was never modified, changed or revoked during the lifetime of the said Mary Genevie Brainard, and remained in full force and effect until the death of Mary Genevie Brainard on June 3, 1932."

The appellees then demurred to the petition for the reason that the petition and amendments thereto did not state facts sufficient to constitute a cause of action. The demurrer was sustained, appellant declined to plead further, and the petition was dismissed by the trial court, and its action is here for review.

The pleadings show that action on the mortgage note has long since been barred by the statute of limitations, unless the bar has been removed by the nonresidence of some of the appellees and by the oral agreement extending the due date to the time that Mary Genevie Brainard died. Section 20-202, Comp. St. 1929, provides that an action to foreclose a real estate mortgage can only be brought within ten years after the cause of action has accrued. There are other saving clauses and interpretations by this court, but they have no application to the pleadings in this case. This section above has been construed by this court to be always read in conjunction with section 20-216, Comp. St. 1929, which provides: "In any cause founded on contract, when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing lia-

bility, debt, or claim, or any promise to pay the same shall have been made in writing an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise."

A general demurrer admits all facts well pleaded, but does not admit conclusions. The oral promise to pay which the demurrer admits does not comply with the statute above set forth. The petition did not state it was in writing and therefore the petition and amendments were susceptible to the demurrer.

"A debt that is barred will be revived if the debtor in writing unqualifiedly acknowledges an existing liability." *Nelson v. Becker,* 32 Neb. 99, 48 N. W. 962.

"Where the debt is barred by the statute of limitations, no action can be maintained on the mortgage." *Hurley v. Estes,* 6 Neb. 386.

This proceeding is one *in rem,* and absence from the state will not operate to extend the time in which to commence the action. Section 20-213, Comp. St. 1929, provides: "Absence from the state, death or other disability shall not operate to extend the period within which actions *in rem* shall be commenced by and against a nonresident or his representative." This action was brought to subject the property mortgaged to the payment of the debt secured and could have been brought at any time within the limitation period, regardless of residence, and the statutes further provide for constructive service on nonresidents. As *Peters v. Dunnells,* 5 Neb. 460, says: "An action to subject mortgaged property to the payment of the mortgage debt is a proceeding *in rem,*" and it goes on to say, "absence from the state, death or other disability of a nonresident, shall not operate to extend the time within which actions *in rem* shall be commenced by, and against, such nonresidents applies, to mortgages."

*Hurley v. Estes, supra,* lays down the same rule, which still obtains in this state.

The petition and amendments thereto do not allege facts sufficient to state a cause of action against the appellees.

It was proper to raise the bar of the limitation statute, and neither the oral agreement nor the nonresidence of some of the appellees will remove that bar. When a pleading discloses on its face that the action is barred by the statute of limitations, such bar may be raised by objection that the pleading does not state a cause of action. See *Eayrs v. Nason*, 54 Neb. 143, 74 N. W. 408.

The pleadings of the appellant under our statutes did not state a cause of action against the appellees. The district court rightfully sustained the demurrer, and its judgment must be affirmed.

AFFIRMED.