J. I. CASE CREDIT CORPORATION, APPELLEE, v. HAROLD G. THOMPSON ET AL., APPELLANTS, IMPLEADED WITH THE BANK OF LINDSAY, APPELLEE.
193 N. W. 2d 283

Filed December 30, 1971. No. 38018.

William G. Whitford, for appellants.

George H. Moyer, Sr., of Moyer & Moyer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action to foreclose a real estate mortgage. The trial court found that the defendants, Harold G. Thompson and Dorothy Thompson, were indebted to the plaintiff in the amount of $4,801.94 with interest at 6 percent from October 5, 1961; that the plaintiff's mortgage was a first lien on the property for that amount; that a mortgage of The Bank of Lindsay was a second lien on the property; and that the plaintiff was entitled to a decree of foreclosure.

The defendants Thompson appeal, claiming that the judgment is erroneous because an action on their promissory note to the plaintiff was barred by section 25-205, R. R. S. 1943, at the time this action was commenced. The defendants rely upon Brainard v. Hall, 137 Neb. 491, 289 N. W. 845, and several earlier cases in which it was held that no action could be maintained upon a mortgage when an action on the debt was barred by the statute of limitations. See, Kyger v. Ryley, 2 Neb. 20; Hurley v. Estes, 6 Neb. 386.

Prior to 1869 there was no separate statute of limitations applicable to mortgages. In 1869, section 6 of the Code of Civil Procedure (now section 25-202, R. R. S. 1943), applicable to actions for the recovery of title or possession of land, was made applicable to mortgages. Laws 1869, § 1, p. 67. In Hale v. Christy, 8 Neb. 264, this court stated that the 10-year period of limitation prescribed by section 6 of the Code was applicable to actions for mortgage foreclosure. See, also, Hurley v. Cox, 9 Neb. 230, 2 N. W. 705, stating that the 5-year period of limitation, applicable to an action on the note, barred the mortgage foreclosure action prior to the 1869 amendment to section 6 of the Code.

The quotation from Hurley v. Estes, *supra*, to the effect that no action can be maintained on a mortgage after an action on the debt is barred, which appears in Brainard v. Hall, *supra*, was inadvertent. The rule has been to the contrary since the 1869 amendment to section

25-202, R. R. S. 1943. See, Cheney v. Cooper, 14 Neb. 415, 16 N. W. 471; Herdman v. Marshall, 17 Neb. 252, 22 N. W. 690; Cheney v. Woodruff, 20 Neb. 124, 29 N. W. 275; Cheney v. Campbell, 28 Neb. 376, 44 N. W. 451; Campbell v. Upton, 56 Neb. 385, 76 N. W. 910.

The judgment of the district court is affirmed.

AFFIRMED.